FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NUMBER 2026-08197** **DIVISION "F"**

**EVAN MATTOX**

**VERSUS**

**ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND DWANE TILLIS**

**FILED:** ________________ ________________________________
**DEPUTY CLERK**

**DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION**

This will notify this Honorable Court that on October 9, 2026, Defendant, the Administrators of the Tulane Educational Fund ("Tulane"), filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana its Notice of Removal in the above-styled Action from state court to federal court. A copy of the removal notice is attached hereto as Exhibit A.

By filing this Notice, Tulane has effected removal of this Action to the United States District Court for the Eastern District of Louisiana.

Pursuant to 28 U.S.C. § 1446(d), this Court is prohibited from proceeding in the above-styled Action unless and until the Action is remanded.

Respectfully submitted,

**PHELPS DUNBAR**

BY: ________________________________

Kim M. Boyle (Bar #18133)
Rebecca S. Sha (Bar #35317)
Caroline E. Perlis (Bar #40905)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: kim.boyle@phelps.com
Email: rebecca.sha@phelps.com

VERIFIED
Keri Irving
2026 OCT 12 A 09:51

EXHIBIT
1

E-Filed

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

Email: caroline.perlis@phelps.com

**ATTORNEYS FOR DEFENDANT ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EVAN MATTOX** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND DWANE TILLIS** | **MAGISTRATE JUDGE** |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, the Administrators of the Tulane Educational Fund ("Tulane"), files this notice to remove the above-styled action filed by Plaintiff, Evan Mattox ("Plaintiff" or "Mattox") from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, on the following grounds:

1.

Plaintiff, Evan Mattox, instituted this Lawsuit by filing a Petition for Damages on September 4, 2026, in the Civil District Court for the Parish of Orleans, State of Louisiana. Defendant, the Administrators of the Tulane Educational Fund, received its Citation for Petition on September 23, 2026. A copy of all process, pleadings, and orders served on Tulane are attached hereto as Exhibit 1. A copy of the state court docket is attached here as Exhibit 2.

2.

This Court has federal-question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff brings her claims pursuant to Title IX (20 U.S.C. § 1681 et seq.), a federal law. *See Kelly v. Allen Independent School Dist.*, 602 Fed.Appx. 949, 952 (5th Cir. 2015) (stating that



E-Filed

PD.64202302.1

EXHIBIT
A

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

federal district courts have federal question jurisdiction over Title IX actions under 28 U.S.C. § 1331).

3.

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**FEDERAL QUESTION JURISDICTION**

4.

This is a civil action claiming damages stemming, in significant part, from Tulane's alleged "violations of Title IX (20 U.S.C. § 1681)." Petition, ¶ 33.

5.

Plaintiff's first cause of action against Tulane is for "Violation of Title IX – Deliberate Indifference." Petition ¶¶ 34-39. There, she alleges Tulane violated Title IX in its investigation of and response to Plaintiff's alleged report that she experienced sexual harassment while a student at Tulane. *Id.* Plaintiff specifically references the requirements to bring a cause of action under Title IX in her Petition. For example, Plaintiff states "Title IX prohibits discrimination on the basis of sex in a school's educational program or activities, which include all of the school's operations." Petition, ¶ 35. Plaintiff also alleges "Tulane receives federal funding and/or has students who receive federal financial aid; therefore, it is a recipient of federal funds and must comply with Title IX." Petition, ¶ 36. Plaintiff admits her claims arise under Title IX by stating: "[a] victim of discrimination based on her gender has, under Title IX, a private right of action against the offending school for monetary damages and equitable relief," and by alleging that she herself "suffered loss of educational opportunities and benefits [under Title IX]." Petition, ¶ 37, 39. It is clear that Plaintiff brings her first cause of action against Tulane under Title IX – a federal law.


E-Filed

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

Therefore, this Court has federal question jurisdiction over Plaintiff's claims. *See Kelly v. Allen Independent School Dist.*, 602 Fed.Appx. 949, 952 (5th Cir. 2015).

6.

Plaintiff's second cause of action against Tulane is for "Negligent Failure to Train and Supervise Employees." Petition, ¶¶ 40-45. There, Plaintiff alleges that "it is the policy of Tulane University that its employees are required to receive annual training on their responsibilities under Title IX." Petition, ¶ 42. Plaintiff alleges that Tulane "negligent[ly] fail[ed] to train and to supervise [its] Employees," insinuating that Tulane violated Title IX by failing to provide the training that Plaintiff alleges is required under the statute. Plaintiff's second cause of action therefore also invokes Title IX.

7.

Plaintiff's remaining causes of action, while purporting to be state law tort claims, all rely on alleged standards of care that originate from Title IX. Specifically, in Plaintiffs' Counts 3-5, Plaintiff alleges that "defendants owed to Mattox the duty to be free from any…sexual harassment, mistreatment, and gender discrimination." Petition, ¶¶ 47, 51, 55, 59. Title IX specifically prohibits educational institutions that receive federal funding from discriminating against individuals on the basis of sex. 20 U.S.C. § 1681. Educational institutions that receive federal funding may be liable for student-on-student harassment under Title IX in certain circumstances. *See Sanches v. Carrollton-Farmers Branch Independent School Dist.*, 647 F.3d 156, 165 (5th Cir. 2011). Plaintiffs' state law claims of negligence, negligent infliction of emotional distress, assault, and battery, all rely on Tulane's alleged duties that originate from Title IX. Plaintiff's Counts 3-5 therefore also raise federal questions under Title IX.




E-Filed

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

8.

In her Petition, Plaintiff also "prays for all general and equitable relief necessary herein." Petition, Prayer for Relief, p. 8. Equitable relief is an available remedy for intentional violations of Title IX. *See Franklin v. Gwinnett County Public Schools*, 112 S.Ct. 1028, 1038 (1992). Therefore, Plaintiff's requested relief for her claims also invokes Title IX.

9.

Based upon Plaintiff's express claims arising under Title IX, specific reliance upon the standards of Title IX, and claims for relief available under Title IX, this Court clearly has federal question jurisdiction over this action. As such, this Court has original jurisdiction under 28 U.S.C. § 1331, and the action is removable pursuant to 28 U.S.C. § 1441 and 1446.

10.

And, in the alternative, to the extent that Plaintiff has stated any claims against Tulane that do not arise under federal law (Title IX), this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), because Plaintiff's claims all arise from the same set of operative facts and therefore form part of the same case or controversy under Article III of the United States Constitution. Specifically, all of Plaintiff's claims arise from her enrollment as a student at Tulane, her interactions with fellow former Tulane student Dwayne Tillis, her reports to Tulane regarding these interactions, and Tulane's investigation and adjudication of those reports. Therefore, even if one or more of Plaintiffs' claims do not arise under federal law, the Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a).

11.

Removal of Plaintiff's Petition to this Court is proper because this Court has federal question jurisdiction over Plaintiff's claims arising under Title IX – a federal law. In the

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

alternative, if the Court finds that one or more of Plaintiff's claims do not arise under Title IX, this Court has supplemental jurisdiction over all claims because Plaintiff specifically brings at least two causes of action under Title IX, and all of her claims arise from the same set of operative facts.

**VENUE**

12.

28 U.S.C. § 1446(a) requires that a defendant desiring to remove any civil action from state court shall file a notice of removal "in the district court of the United States for the district and division within which such action is pending."

13.

The United States District Court for the Eastern District of Louisiana is the correct court for removal under 28 U.S.C. § 1446(a), as it is the United States district court that encompasses the Civil District Court for the Parish of Orleans, State of Louisiana.

**REMOVAL IS TIMELY**

14.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

15.

Tulane was served with citation of Plaintiff's Petition on September 23, 2026. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).





E-Filed

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

**REMOVAL IS PROPER**

16.

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

17.

Upon information and belief, Defendant Dwane Tillis has not been properly joined and served in this action. There has been no proof of service with respect to Mr. Tillis entered on the state court docket. *See* Exhibit 2. Tulane is the only other Defendant to this action. Therefore, all defendants who have been properly joined and served consent to the removal of this action, and removal is proper under 28 U.S.C. § 1446(b)(2)(A).

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE,** Tulane prays that this Notice of Removal be deemed good and sufficient as required by law, that the captioned matter be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, that this Court have and assume full and complete jurisdiction thereof, issuing all necessary orders and granting all general and equitable relief to which Tulane is entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Rebecca Sha*

Kim M. Boyle (Bar #18133)
Rebecca S. Sha (Bar #35317)
Caroline E. Perlis (Bar #40905)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311


E-Filed

Case 2:26-cv-02343-BSL-DPC Document 6-1 Filed 10/09/26 Page 9 of 34

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

Facsimile: 504 568 9130
Email: kim.boyle@phelps.com
Email: rebecca.sha@phelps.com
Email: caroline.perlis@phelps.com

**ATTORNEYS FOR DEFENDANT ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

ATTORNEY'S NAME: McKee, Randy G 24552
AND ADDRESS: 1100 Poydras St Ste 2805 , New Orleans, LA 70163

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

**NO: 2026-08197** **DIVISION: F** **SECTION: 14**

11:40am DMS
RECEIVED

General Counsel
Tulane University

**MATTOX, EVAN**

**Versus**

**ADMINISTRATORS OF TULANE**

**CITATION**

TO: ADMINISTRATOR OF THE TULANE EDUCATIONAL FUND
68223 ST. CHARLES AVE. , 300 GIBSON HALL, NEW ORLEANS, LA 70118

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

**ADDITIONAL INFORMATION**

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE**********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 8, 2026**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**HON. CHELSEY RICHARD NAPOLEON,**
**Clerk of The Civil District Court**
**for the Parish of Orleans State of LA**

by Keri Irving
**Keri Irving, Deputy Clerk**

**SHERIFF'S RETURN**
(for use of process servers only)

PERSONAL SERVICE

On this ________ day of ____________________ served a copy of the within

**PETITION FOR DAMAGES**

ON **ADMINISTRATOR OF THE TULANE EDUCATIONAL FUND**

THROUGH:

Returned the same day

____________________ No. ____________

Deputy Sheriff of ____________________

Mileage: $ ____________________

__________ / ENTERED / __________

PAPER RETURN

______ / ______ / ______

SERIAL NO. DEPUTY PARISH

DOMICILIARY SERVICE

On this ________ day of ____________________ served a copy of the within

**PETITION FOR DAMAGES**

ON **ADMINISTRATOR OF THE TULANE EDUCATIONAL FUND**

THROUGH:

by leaving same at the dwelling house, or usual place of abode, in the hands of ____________________ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **ADMINISTRATOR OF THE TULANE EDUCATIONAL FUND** being absent from the domicile at time of said service.

Returned the same day

____________________ No. ____________

Deputy Sheriff of ____________________

E-Filed ID: 11941712



EXHIBIT
1

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.



E-Filed

2026-08197

F

Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO. DIVISION " "

EVAN MATTOX

VERSUS

ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND DWANE TILLIS

FILED:______________________ ______________________________
DEPUTY CLERK

**PETITION FOR DAMAGES**

Plaintiff, EVAN MATTOX, a resident of the State of New York and former resident of the State of Louisiana, respectfully files this Petition for Damages and represents as follows:

**PARTIES**

1.

Plaintiff, Evan Mattox, a former student at Tulane University, was enrolled as a student during all relevant times herein.

2.

Defendant, Administrators of the Tulane Educational Fund ("Tulane"), operates Tulane University in New Orleans, Louisiana.

3.

Defendant, Dwane Tillis, is a former student at Tulane University and was enrolled as a student during all relevant times herein.

**JURISDICTION AND VENUE**

4.

This Honorable Court has jurisdiction over this matter, pursuant to Article 2 of the Louisiana Code of Civil Procedure.

5.

Venue is proper in this matter, pursuant to Article 74 of the Louisiana Code of Civil Procedure.

VERIFIED
Keri Irving
2026 SEP 08 A 10:29

E-Filed

E-Filed



Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Hon. Chelsey Richard Napoleon
Clerk of Court

2026-08197
F
Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

**FACTS**

6.

Evan Mattox enrolled at Tulane University in August 2021.

7.

Mattox met the defendant, Dwane Tillis ("Tillis"), while they were both at Tulane.

8.

After they began talking and socializing, Mattox later ended the communications with Tillis.

9.

Unfortunately, for a period of time, Tillis began making unwanted contact with Mattox via social media. The contact became concerning.

10.

Further, Tillis began following Mattox in her car, continued to monitor her social media accounts and incessantly tried to make contact with Mattox.

11.

Later, in September 2024, Mattox and Tillis attended a party that was hosted by Mattox and some of her sorority sisters.

12.

At the party, Tillis repeatedly made sexual and physical advances toward Mattox.

13.

Tillis made apologies for his stalking behavior, but he kept touching Mattox on her thigh, chest and neck.

14.

Mattox kept asking him to stop, and her anxiety increased at a level that was uncontrollable.

15.

In late September 2024, Tillis followed Mattox again after an event at Tulane University involving the National Pan Hellenic Council.



E-Filed
E-Filed
ea. Chelsey Richard Napoleon
Clerk of Court



Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT
FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

16.

Mattox's fear, anxiety and hypervigilance were overwhelming and paralyzing.

## CHARGES FILED AGAINST DWAYNE TILLIS

17.

Mattox then filed formal charges with Tulane University against Tillis. Tillis was arrested.

18.

On September 27, 2024, Mattox obtained a protective order that was issued by Orleans Parish Criminal District Court against Tillis (Docket Number 614543).

19.

Tillis consistently violated the protective order.

20.

On November 11, 2024, Tillis violated the protective order, and Mattox filed this violation with the Tulane University Police Department (Case No. 240702).

21.

Later, on January 13, 2025, Tillis violated the protective order again, and Mattox filed another report with the Tulane University Police Department (Case No. 250024).

22.

This resulted in Mattox obtaining an amended protective order that was issued by the Orleans Parish Criminal District Court against Tillis (Docket Number 616944).

23.

Tillis later pled guilty to the criminal charges of simple battery and violation of a protective order.

24.

Despite the fact that Tillis pled guilty to criminal charges, Tulane University capitulated, allowed him to remain enrolled in the university and approved him to graduate from Tulane.

25.

The pervasive physical and emotional violations by Tillis affected Mattox's educational attainment.



E-Filed
E-Filed
on. Chelsey Richard Napoleon
Clerk of Court
Page 3 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

26.

The actions of Tulane allowing Tillis to remain enrolled also affected Mattox's educational attainment.

**<u>TITLE IX PROCEEDING – TULANE UNIVERSITY</u>**

27.

In February 2026[1], Tulane University conducted a Title IX hearing regarding the charges of intimate partner violence; stalking and sexual contact – sexual assault.

28.

However, Tulane University made a determination on March 18, 2026 that Tillis was not responsible for stalking and sexual contact.

29.

It only determined that Tillis was responsible for intimate partner violence and was placed on disciplinary probation, though he had already graduated.[2]

30.

Mattox appealed the decision, but Tulane denied the appeal.

31.

Tulane made numerous procedural errors that violated Mattox's procedural and substantive due process rights.

32.

The defendants' collective actions excluded Mattox from participating in meaningful education attainment and discriminated against Mattox in programs and activities that she had previously enjoyed.

33.

The actions of the defendants are violations of Title IX (20 U.S.C. §1681) and Mattox's rights hereunder.



---

[1] Tillis was allowed to graduate in May 2025.
[2] Tillis graduated in May 2025, but Tulane did not have the Title IX hearing until March 2026. Any punishment rendered against Tillis had no practical effect.

E-Filed

E-Filed

on. Chelsey Richard Napoleon
Clerk of Court



Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT
FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

**COUNT 1 – VIOLATION OF TITLE IX – DELIBERATE INDIFFERENCE**

34.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

35.

Title IX prohibits discrimination on the basis of sex in a school's educational program or activities, which include all of the school's operations.

36.

Upon information and belief, Tulane receives federal funding and/or has students who receive federal financial aid; therefore, it is a recipient of federal funds and must comply with Title IX.

37.

A victim of discrimination based on her gender has, under Title IX, a private right of action against the offending school for monetary damages and equitable relief.

38.

Tulane had actual notice of the tortious sexual harassment and actions, when it received the complaints filed by Mattox with the Director of Student Conduct, Margaret Pitre regarding the restraining order issued against the defendant, Tillis.

39.

As a result of the defendants' deliberate indifference, Mattox suffered loss of educational opportunities and benefits and has continued to sustain and to incur damages.

**COUNT 2 – NEGLIGENT FAILURE TO TRAIN AND SUPERVISE EMPLOYEES**

40.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

41.

Upon information and belief, the employees of Tulane University were acting in the course and scope of their employment, when Mattox submitted the complaints about Tillis.

42.

Upon information and belief, it is the policy of Tulane University that its employees are required to receive annual training on their responsibilities under Title IX.



E-Filed
E-Filed
on. Chelsey Richard Napoleon
Clerk of Court


Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT
FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

43.

Tulane's employees knew about the protective orders against Tillis and still allowed him to remain enrolled and to graduate from Tulane University.

44.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

45.

The actions of the defendants constitute negligent failure to train and to supervise Employees.

**COUNT 3 – NEGLIGENCE**

46.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

47.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

48.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

49.

The actions of the defendants constitute negligence under Louisiana law.

**COUNT 4 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

50.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.



E-Filed
E-Filed
en. Chelsey Richard Napoleon
Clerk of Court
Page 6 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT
FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

51.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

52.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

53.

The actions of the defendants constitute negligent infliction of emotional distress under Louisiana law.

**COUNT 5 – ASSAULT**

54.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

55.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

56.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

57.

The actions of the defendants constitute assault under Louisiana law.

**COUNT 5 – BATTERY**

58.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.



E-Filed
E-Filed
en. Chelsey Richard Napoleon
Clerk of Court
Page 7 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT
FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

59.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

60.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

61.

The actions of the defendants constitute battery under Louisiana law.

**WHEREFORE**, Evan Mattox prays that this petition be deemed good and sufficient and that the same be served upon defendants herein, ordering them to answer the allegations contained; that after all due legal delays and proceedings are had, that there is judgment in favor of the plaintiffs and against defendants in an amount commensurate with the damages enumerated hereinabove, together with legal interest from date of this demand and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief necessary herein.

Respectfully submitted,

Randy G. McKee, Esq. (#24552)
McKee Law Firm, L.L.C.
1100 Poydras Street
Suite 2805
New Orleans, LA 70163
Telephone: 504.581.5902
Facsimile: 877.644.2116
Email: rgmckee@mckeelawllc.com
**COUNSEL FOR EVAN MATTOX**

**PLEASE SERVE:**

**Administrators of the Tulane Educational Fund**
**6823 St. Charles Ave.**
**300 Gibson Hall**
**New Orleans, LA 70118**



E-Filed
E-Filed
on. Chelsey Richard Napoleon
Clerk of Court
Page 8 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

Home | Case Search | Case | Attorney Search | E-File | Logout

Hello, Elizabeth Walcavich    Case Number: 2026-08197    Version 1.015.005

Case Info | Litigants | Pleadings

Pleading Category: All    Results Per Page: 30

| Info | View | Filed | Entered | Description |
|---|---|---|---|---|
| | | 09/08/2026 | 09/08/2026 | Citation and Service Copies of Pet... - ADMINISTRATOR OF THE TULANE EDUCAT... |
| | | 09/04/2026 | 09/08/2026 | Petition for Damages PETITION FOR DAMAGES |

EXHIBIT
2

E-Filed

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

EVAN MATTOX

**(b)** County of Residence of First Listed Plaintiff: STATE OF NEW YORK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Randy G. McKee, 1100 Poydras St., New Orleans, LA 70163
Tel: 504-581-5902

**DEFENDANTS**

Administrators of the Tulane Educational Fund

County of Residence of First Listed Defendant: Orleans
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Kim Boyle, Rebecca Sha, Caroline Perlis, Phelps Dunbar, LLP
365 Canal Street, Suite 2000, New Orleans, LA 70130
504-566-1311

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code Sections 1331, 1441and 1446

Brief description of cause:
Plaintiff brings claims that arise under Title IX related to her prior enrollment as a student at Tulane University

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 10/9/26
SIGNATURE OF ATTORNEY OF RECORD: /s/ Rebecca Sha

**FOR OFFICE USE ONLY**

E-Filed

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

E-Filed

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NUMBER 2026-08197** **DIVISION "F"**

**EVAN MATTOX**

**VERSUS**

**ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND DWANE TILLIS**

**FILED:** ________________ ________________________________
**DEPUTY CLERK**

# NOTICE OF REMOVAL

TO: Randy G. McKee, Esq.
McKee Law Firm, L.L.C.
1100 Poydras St., Ste. 2805
New Orleans, LA 70163
Telephone: 504.581.5902
Facsimile: 877.644.2116
rgmckee@mckeelawllc.com

PLEASE TAKE NOTICE that with a full reservation of rights and defenses, named Defendant, Administrators of the Tulane Educational Fund ("Tulane"), designated as Defendant in the proceeding entitled *Evan Mattox v. Administrators of the Tulane Educational Fund and Dwane Tillis*, bearing Civil Action No. 2026-08197, currently pending on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, filed with the Clerk of the United States District Court for the Eastern District of Louisiana its Notice of Removal in the above-styled Action, thereby removing it from state court to federal court.

By filing its notice, Tulane has effected removal of this action to the United States District Court for the Eastern District of Louisiana. Tulane has also filed a copy of its removal notice with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

As a result of that filing, the Civil District Court for the State of Louisiana is prohibited from proceeding further in this Action unless and until the Action is remanded. Copies of Tulane's federal and state removal notices are enclosed herein.

Respectfully submitted,

**PHELPS DUNBAR**

E-Filed

FILED
2026 OCT 09 A 10:23
CIVIL
DISTRICT COURT

BY: ______________________________

Kim M. Boyle (Bar #18133)
Rebecca S. Sha (Bar #35317)
Caroline E. Perlis (Bar #40905)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: kim.boyle@phelps.com
Email: rebecca.sha@phelps.com
Email: caroline.perlis@phelps.com

**ATTORNEYS FOR DEFENDANT ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**

2026-08197

F

Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO. DIVISION " "

EVAN MATTOX

VERSUS

ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND DWANE TILLIS

FILED:____________________ ______________________________
DEPUTY CLERK

## PETITION FOR DAMAGES

Plaintiff, EVAN MATTOX, a resident of the State of New York and former resident of the State of Louisiana, respectfully files this Petition for Damages and represents as follows:

## PARTIES

1.

Plaintiff, Evan Mattox, a former student at Tulane University, was enrolled as a student during all relevant times herein.

2.

Defendant, Administrators of the Tulane Educational Fund ("Tulane"), operates Tulane University in New Orleans, Louisiana.

3.

Defendant, Dwane Tillis, is a former student at Tulane University and was enrolled as a student during all relevant times herein.

## JURISDICTION AND VENUE

4.

This Honorable Court has jurisdiction over this matter, pursuant to Article 2 of the Louisiana Code of Civil Procedure.

5.

Venue is proper in this matter, pursuant to Article 74 of the Louisiana Code of Civil Procedure.

VERIFIED
Keri Irving
2026 SEP 08 A 10:29

E-Filed



Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

on. Chelsey Richard Napoleon
Clerk of Court

2026-08197
F
Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

**FACTS**

6.

Evan Mattox enrolled at Tulane University in August 2021.

7.

Mattox met the defendant, Dwane Tillis ("Tillis"), while they were both at Tulane.

8.

After they began talking and socializing, Mattox later ended the communications with Tillis.

9.

Unfortunately, for a period of time, Tillis began making unwanted contact with Mattox via social media. The contact became concerning.

10.

Further, Tillis began following Mattox in her car, continued to monitor her social media accounts and incessantly tried to make contact with Mattox.

11.

Later, in September 2024, Mattox and Tillis attended a party that was hosted by Mattox and some of her sorority sisters.

12.

At the party, Tillis repeatedly made sexual and physical advances toward Mattox.

13.

Tillis made apologies for his stalking behavior, but he kept touching Mattox on her thigh, chest and neck.

14.

Mattox kept asking him to stop, and her anxiety increased at a level that was uncontrollable.

15.

In late September 2024, Tillis followed Mattox again after an event at Tulane University involving the National Pan Hellenic Council.



E-Filed

on. Chelsey Richard Napoleon
Clerk of Court

Page 2 of 8
Certified True Copy: 09/08/2026 10:29 AM - VI.UDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

16.

Mattox's fear, anxiety and hypervigilance were overwhelming and paralyzing.

## CHARGES FILED AGAINST DWAYNE TILLIS

17.

Mattox then filed formal charges with Tulane University against Tillis. Tillis was arrested.

18.

On September 27, 2024, Mattox obtained a protective order that was issued by Orleans Parish Criminal District Court against Tillis (Docket Number 614543).

19.

Tillis consistently violated the protective order.

20.

On November 11, 2024, Tillis violated the protective order, and Mattox filed this violation with the Tulane University Police Department (Case No. 240702).

21.

Later, on January 13, 2025, Tillis violated the protective order again, and Mattox filed another report with the Tulane University Police Department (Case No. 250024).

22.

This resulted in Mattox obtaining an amended protective order that was issued by the Orleans Parish Criminal District Court against Tillis (Docket Number 616944).

23.

Tillis later pled guilty to the criminal charges of simple battery and violation of a protective order.

24.

Despite the fact that Tillis pled guilty to criminal charges, Tulane University capitulated, allowed him to remain enrolled in the university and approved him to graduate from Tulane.

25.

The pervasive physical and emotional violations by Tillis affected Mattox's educational attainment.



E-Filed
on. Chelsey Richard Napoleon
Clerk of Court
Page 3 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

26.

The actions of Tulane allowing Tillis to remain enrolled also affected Mattox's educational attainment.

TITLE IX PROCEEDING – TULANE UNIVERSITY

27.

In February 2026[1], Tulane University conducted a Title IX hearing regarding the charges of intimate partner violence; stalking and sexual contact – sexual assault.

28.

However, Tulane University made a determination on March 18, 2026 that Tillis was not responsible for stalking and sexual contact.

29.

It only determined that Tillis was responsible for intimate partner violence and was placed on disciplinary probation, though he had already graduated.[2]

30.

Mattox appealed the decision, but Tulane denied the appeal.

31.

Tulane made numerous procedural errors that violated Mattox's procedural and substantive due process rights.

32.

The defendants' collective actions excluded Mattox from participating in meaningful education attainment and discriminated against Mattox in programs and activities that she had previously enjoyed.

33.

The actions of the defendants are violations of Title IX (20 U.S.C. §1681) and Mattox's rights hereunder.



[1] Tillis was allowed to graduate in May 2025.
[2] Tillis graduated in May 2025, but Tulane did not have the Title IX hearing until March 2026. Any punishment rendered against Tillis had no practical effect.

E-Filed
on. Chelsey Richard Napoleon
Clerk of Court



Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

**COUNT 1 – VIOLATION OF TITLE IX – DELIBERATE INDIFFERENCE**

34.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

35.

Title IX prohibits discrimination on the basis of sex in a school's educational program or activities, which include all of the school's operations.

36.

Upon information and belief, Tulane receives federal funding and/or has students who receive federal financial aid; therefore, it is a recipient of federal funds and must comply with Title IX.

37.

A victim of discrimination based on her gender has, under Title IX, a private right of action against the offending school for monetary damages and equitable relief.

38.

Tulane had actual notice of the tortious sexual harassment and actions, when it received the complaints filed by Mattox with the Director of Student Conduct, Margaret Pitre regarding the restraining order issued against the defendant, Tillis.

39.

As a result of the defendants' deliberate indifference, Mattox suffered loss of educational opportunities and benefits and has continued to sustain and to incur damages.

**COUNT 2 – NEGLIGENT FAILURE TO TRAIN AND SUPERVISE EMPLOYEES**

40.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

41.

Upon information and belief, the employees of Tulane University were acting in the course and scope of their employment, when Mattox submitted the complaints about Tillis.

42.

Upon information and belief, it is the policy of Tulane University that its employees are required to receive annual training on their responsibilities under Title IX.



E-Filed
on. Chelsey Richard Napoleon
Clerk of Court

Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14

FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

43.

Tulane's employees knew about the protective orders against Tillis and still allowed him to remain enrolled and to graduate from Tulane University.

44.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

45.

The actions of the defendants constitute negligent failure to train and to supervise Employees.

**COUNT 3 – NEGLIGENCE**

46.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

47.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

48.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

49.

The actions of the defendants constitute negligence under Louisiana law.

**COUNT 4 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

50.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.



E-Filed
on. Chelsey Richard Napoleon
Clerk of Court

Page 6 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

51.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

52.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

53.

The actions of the defendants constitute negligent infliction of emotional distress under Louisiana law.

**COUNT 5 – ASSAULT**

54.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

55.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

56.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

57.

The actions of the defendants constitute assault under Louisiana law.

**COUNT 5 – BATTERY**

58.

The plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.



E-Filed
on. Chelsey Richard Napoleon
Clerk of Court


Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

2026-08197
F
Section 14
FILED
2026 SEP 04 P 09:36
CIVIL
DISTRICT COURT

59.

The defendants owed to Mattox the duty to be from any and sexual harassment, mistreatment and gender discrimination.

60.

Defendants' actions and the failure to fully provide Mattox with protection from Tillis, Including, but not limited to, expelling or suspending him caused Mattox to sustain substantial injury, damages, losses, mental anguish, severe emotional distress that has resulted in Mattox being prevented from the enjoyment of life; past and future medical and other damages.

61.

The actions of the defendants constitute battery under Louisiana law.

**WHEREFORE**, Evan Mattox prays that this petition be deemed good and sufficient and that the same be served upon defendants herein, ordering them to answer the allegations contained; that after all due legal delays and proceedings are had, that there is judgment in favor of the plaintiffs and against defendants in an amount commensurate with the damages enumerated hereinabove, together with legal interest from date of this demand and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief necessary herein.

Respectfully submitted,

Randy G. McKee, Esq. (#24552)
McKee Law Firm, L.L.C.
1100 Poydras Street
Suite 2805
New Orleans, LA 70163
Telephone: 504.581.5902
Facsimile: 877.644.2116
Email: rgmckee@mckeelawllc.com
**COUNSEL FOR EVAN MATTOX**

**PLEASE SERVE:**

**Administrators of the Tulane Educational Fund**
**6823 St. Charles Ave.**
**300 Gibson Hall**
**New Orleans, LA 70118**



E-Filed
on. Chelsey Richard Napoleon
Clerk of Court
Page 8 of 8
Certified True Copy: 09/08/2026 10:29 AM - VLUDQRTGSNU-02
Alteration and subsequent re-filing of this certified copy may violate La. R. S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**ATTORNEY'S NAME:** McKee, Randy G 24552
**AND ADDRESS:** 1100 Poydras St Ste 2805 , New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2026-08197** **DIVISION: F** **SECTION: 14**

**MATTOX, EVAN**

**Versus**

**ADMINISTRATORS OF TULANE**

## CITATION

TO: ADMINISTRATOR OF THE TULANE EDUCATIONAL FUND
68223 ST. CHARLES AVE. , 300 GIBSON HALL, NEW ORLEANS, LA 70118

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE**********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 8, 2026**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**HON. CHELSEY RICHARD NAPOLEON,**
**Clerk of The Civil District Court**
**for the Parish of Orleans State of LA**

**by** Keri Irving
**Keri Irving, Deputy Clerk**

## SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE

On this ________ day of ______________________ served a copy of the within

**PETITION FOR DAMAGES** DAVID

ON **ADMINISTRATOR OF THE TULANE EDUCATIONAL FUND**

THROUGH:

Returned the same day

00 2026-8197 / 1 / 9201

00 / PS Badge # 512

PARISH

11/80

DOMICILIARY SERVICE

served a copy of

(00) 2026-8197 - Service Date 09/23/2026 Time 11:50 AM
ADMINSTRATORS OF THE TULANE EDUCATIONAL

Personal at 6823 ST CHARLES AV
Gregory Lucien # 512, Orleans
Citation & Petition; Serial# 1;
DAVID

Signature

VERIFIED
SEP 2 5 2026
Michael Albanese

ID: 11941712

FILED
2026 SEP 25 AM 8: 43
CIVIL
DISTRICT COURT

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.