**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EVAN MATTOX** | **CIVIL ACTION NO. 2:26-CV-02343** |
| **VERSUS** | **JUDGE BRANDON S. LONG** |
| **ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND DWANE TILLIS** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(B)(6) PARTIAL MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, the Administrators of the Tulane Educational Fund ("Tulane"), without waiving and expressly reserving all defenses, objections, motions and arguments, respectfully submits this Memorandum in Support of its Partial Motion to Dismiss the Petition for Damages filed by Plaintiff, Evan Mattox, in the above referenced matter, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Court should dismiss Plaintiff's assault and battery claims (both identified by Plaintiff as Count 5) brought against Tulane, *with prejudice*.

## I. FACTUAL & PROCEDURAL BACKGROUND

### A. Procedural Background

This lawsuit involves allegations by a former Tulane student that she experienced intimate partner violence, stalking, and sexual assault at the hands of another former student. Plaintiff contends that Tulane harmed her in its administrative response to her Title IX complaint resulting from those alleged interactions. On September 4, 2025, Plaintiff filed suit against Tulane and individual defendant, Dwane Tillis ("Mr. Tillis"), in the Civil District Court for the Parish of Orleans, State of Louisiana. *See* Petition, R. Doc. 1, Ex. 1. Tulane was served on September 23,

2026. R. Doc. 6, Ex. 2. Upon information and belief, Mr. Tillis has not yet been served. Tulane timely removed the action to this Court on October 9, 2026, pursuant to 28 U.S.C. § 1331 based upon Plaintiff's extensive and detailed allegations concerning violations of Title IX, a federal statute, thereby invoking this Court's jurisdiction. R. Doc. 1. Tulane now responds to Plaintiff's lawsuit by filing this Partial Motion to Dismiss, which seeks dismissal of Plaintiff's assault and battery claims brought against Tulane, *with prejudice*.

**B. Plaintiff's Factual Allegations**

Plaintiff, Evan Mattox, and individual Defendant, Dwane Tillis, are former Tulane students. Petition, ¶ 1, 2. Plaintiff alleges that she and Mr. Tillis met while they were students at Tulane and that they "began talking and socializing." Petition, ¶¶ 7-8. However, Plaintiff eventually "ended the communications with Tillis." Petition, ¶¶ 7-8. She alleges that during an unspecified period, "Tillis began making unwanted contact with Mattox via social media" which "became concerning." Petition, ¶ 9. She also alleges that Mr. Tillis "began following Mattox in her car, continued to monitor her social media accounts and incessantly tried to make contact with Mattox." Petition, ¶ 10.

Plaintiff alleges that in September of 2024, Mr. Tillis "attended a party that was hosted by Mattox and some of her sorority sisters." Petition, ¶ 11. At this party, Plaintiff contends that "Tillis repeatedly made sexual and physical advances toward Mattox" including "touching Mattox on her thigh, chest, and neck." Petition, ¶¶ 12-13. Plaintiff further alleges that she asked Tillis to stop and that her anxiety increased because of this interaction. Petition, ¶ 14. Plaintiff also alleges that in late September 2024, "Tillis followed Mattox again after an event at Tulane University involving the National Pan Hellenic Council." Petition, ¶ 15.

According to the Petition, Plaintiff "filed formal charges with Tulane University against Tillis" and "Tillis was arrested." Petition, ¶ 17. Plaintiff also "obtained a protective order" against Tillis issued by Orleans Parish Criminal District Court, but Tillis supposedly "consistently violated the protective order." Petition, ¶¶ 18-19. Specifically, Plaintiff alleges Tillis violated the protective order on November 11, 2024 and January 13, 2025, and she filed reports regarding these alleged violations with Tulane's University Police Department ("TUPD"). Petition, ¶¶ 20-21. After she made reports to TUPD, Plaintiff obtained "an amended protective order" issued by Orleans Parish Criminal District Court. Petition, ¶ 22. According to Plaintiff, Tillis "pled guilty to criminal charges of simple battery and violation of a protective order" but "Tulane University capitulated, allowed him to remain enrolled in the university and approved him to graduate from Tulane." Petition, ¶ 24. Plaintiff alleges that Tillis' actions and Tulane's decision to allow Tillis to remain enrolled at Tulane "affected Mattox's educational attainment." Petition, ¶¶ 25-26. Plaintiff alleges that Tillis graduated from Tulane in May of 2025. Petition, ¶ 27, n. 1.

Critical to this Court's determination of Tulane's partial Motion to Dismiss, Plaintiff alleges that in February of 2026, "Tulane University conducted a Title IX hearing regarding the charges of intimate partner violence; stalking and sexual contact- sexual assault" that she brought against Tillis. Petition, ¶ 27. According to the Petition, Tulane found Tillis responsible for intimate partner violence but not responsible for stalking or sexual contact. Petition, ¶¶ 28-29. Plaintiff alleges Tillis was placed on disciplinary probation as a result of the Title IX hearing, but Tillis had already graduated, so this punishment "had no practical effect." Petition, ¶ 29, n. 2. Plaintiff allegedly appealed the decision, and her appeal was denied. Petition, ¶ 30. Plaintiff also alleges that "Tulane made numerous procedural errors that violated Mattox's procedural and substantive due process rights" and that "defendants' collective actions excluded Mattox from participating in

meaningful educational attainment and discriminated against Mattox in programs and activities that she had previously enjoyed." Petition, ¶¶ 31-32.

Based upon these allegations, Plaintiff asserts six (6) causes of action against defendants generally in her Petition: (1) "Violation of Title IX – Deliberate Indifference;" (2) "Negligent Failure to Train and Supervise Employees;" (3) "Negligence;" (4) "Negligent Infliction of Emotional Distress;" (5) "Assault;" and (6) "Battery."[1] Plaintiff does not distinguish which claims are brought against Tulane versus which claims are brought against Mr. Tillis as an individual defendant. Plaintiff cannot and has not stated a claim against Tulane for her claims of assault and battery and they should be dismissed, *with prejudice*, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF LAW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the Plaintiff's complaint.[2] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[3] A court is not required to accept "labels and conclusions" or "formulaic recitation of the elements of a cause of action."[4] Indeed, "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."[5]

---

[1] Plaintiff labels her counts for assault and battery both as "Count 5," although they are styled as separate causes of action.

[2] Fed. R. Civ. P. 12(b)(6). *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) ("Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.").

[3] *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

[4] *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do.").

[5] *Ashcroft*, 556 U.S. at 664.

"Factual allegations must be enough to raise a right to relief above the speculative level…." [6] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[7] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8] Moreover, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."[9] Under this well-established legal standard, Plaintiff has clearly failed to state a claim for relief against Tulane for assault or battery, such that dismissal with prejudice of these claims is warranted.

## III. LEGAL ANALYSIS

### A. Plaintiff's claims against Tulane for Assault and Battery must be dismissed.

Plaintiff's claims for assault and battery are governed by well-established Louisiana law. "Under Louisiana Civil Code Article 2315, a person may recover damages for injuries caused by a wrongful act of another."[10] Specifically, Article 2315(A) states: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[11] "Historically, fault has been the basis for tort liability in Louisiana," including liability for intentional torts such as assault and battery.[12]

A battery is defined as "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact."[13] "The intention need not be malicious nor need to be an intention to inflict actual damages."[14] Rather, "intent has been held to mean that

---

[6] *Currier v. Entergy Servs., Inc.*, No. 11-2208, 2014 WL 1093687, *5 (E.D. La. Mar. 14, 2014) (*quoting Twombly*, 550 U.S. at 555.).
[7] *Jones v. Alcoa, Inc.,* 339 F.3d 359, 362 (5th Cir. 2003) (*quoting Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[8] *Ashcroft,* 556 U.S. at 678.
[9] *Sanford v. Louisiana*, 228 Fed.Appx. 492, 492 (5th Cir. 2007).
[10] *Landry v. Bellanger*, 2002-1443 (La. 5/20/03), 851 So.2d 943, 949.
[11] La. Civ. Code Art. 2315(A).
[12] *Landry*, 851 So.2d at 949.
[13] *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987).
[14] *Id.*

the actor either consciously desires the physical result of his act or knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."[15] "In the civil context, assault is generally defined as the threat of a battery."[16]

In her claims for assault and battery, Plaintiff does not allege *any* facts that Tulane (or any Tulane employee) made intentional, harmful or offensive physical contact with Plaintiff, or that she perceived a threat of such contact from Tulane. Petition, ¶¶ 54-61. In fact, Plaintiff does not mention physical contact or a threat of physical contact at all within these paragraphs of her Petition, besides conclusively stating that the actions of the defendants constitute assault and battery under Louisiana law. Petition, ¶¶ 57, 61. This threadbare allegation that both defendants' actions constituted assault or battery is clearly not sufficient to state a claim for assault or battery against Tulane under *Iqbal* and *Twombly*.

Looking elsewhere in the Petition, the *only* factual allegations that Plaintiff brings that could possibly support her claims of assault and battery are against Mr. Tillis, not Tulane. Specifically, the only physical contact that Plaintiff alleges she experienced was that Mr. Tillis allegedly touched Plaintiff's thigh, chest, and neck at a party in late September 2024, and that he "pled guilty to the criminal charges of simple battery." Petition, ¶¶ 11-13, 23. However, Plaintiff's allegations against Mr. Tillis clearly do not support a claim of assault and battery against Tulane. Plaintiff has not alleged that Tulane or any Tulane employee made any type of intentional physical contact with her, or that she perceived any threat of such intentional physical contact from Tulane or a Tulane employee. Plaintiff has therefore completely failed to allege facts that support the essential elements of her causes of action for assault and battery against Tulane. Counts 5 of

[15] *Mouton v. Lowe's Home Centers, LLC*, 2024-0804 (La. App. 1 Cir. 5/22/25), 417 So.3d 739, 752.
[16] *Id.*

Plaintiff's Petition asserted against Tulane should therefore be dismissed, *with prejudice*, at Plaintiff's cost.

Further, Plaintiff's assault and battery claims against Tulane should be dismissed, *with prejudice*, because any amendment of her Petition with respect to these claims would be futile. Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Tulane opposes any amendment of Plaintiff's Petition, and the Court should not grant leave for Plaintiff to amend. Under Fifth Circuit precedent, "[i]t is within the district court's discretion to deny a motion to amend if it is futile."[17] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[18] Here, any amendment of Plaintiff's assault and battery claims against Tulane would be futile because Plaintiff clearly cannot allege any facts that would support her claims of assault or battery against Tulane. Because any amendment with respect to these claims with futile, Plaintiff's assault and battery claims against Tulane should be dismissed, *with prejudice*, and the Court should deny any request from Plaintiff for leave to amend her Petition.

## IV. CONCLUSION

For the reasons stated herein, Tulane respectfully requests that the Court dismiss, *with prejudice*, Plaintiff's assault and battery claims brought against Tulane, at Plaintiff's costs.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *_/s/ Rebecca Sha_*
Kim M. Boyle (Bar #18133)

---

[17] *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).
[18] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Rebecca S. Sha (Bar #35317)
Caroline E. Perlis (Bar #40905)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: boylek@phelps.com
Email: rebecca.sha@phelps.com
Email: caroline.perlis@phelps.com

**ATTORNEYS FOR DEFENDANT ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**